# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ROBERT TWYMAN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 1:15-cv-00353-VEH-JHE |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM OPINION

On January 29, 2018, the magistrate judge entered a Report and Recommendation, (doc. 31), recommending that the petition for writ of habeas corpus be dismissed with prejudice. Petitioner filed timely objections on February 7, 2018. (Doc. 32).

The magistrate judge concluded that Petitioner's claims related only to the State of Alabama's calculation of his sentence: specifically, whether or not the Alabama Board of Pardons and Parole appropriately applied "dead time" (i.e., the time between a delinquent parolee's date of delinquency and date of rearrest). (Doc. 31 at 5, 10-12). As a consequence, the magistrate judge found Petitioner had failed to identify a basis in federal law for his habeas petition, nor a way in which the Alabama Court of Criminal Appeals' decision denying Petitioner's state habeas petition was contrary to or an unreasonable application of federal law. (*Id.* at 12).

Most of Petitioner's objections reargue the merits of his claims or raise arguments for the first time. Petitioner reiterates that it is unlawful to hold a prisoner in custody beyond the expiration of his sentence. (*See* doc. 32 at 2-3). This is true, but this does not challenge the magistrate judge's finding that Petitioner's claims are about whether the State of Alabama correctly followed its own

law when it applied dead time to his sentence. Next, Petitioner appears to assert new claims of technical failures by the Alabama Department of Corrections and the Alabama Board of Paroles: that the former incorrectly processed the record of one of his convictions, and that the latter violated two sections of Alabama law. (*Id.* at 2). Neither of these claims were contained in the petition, and neither appears to implicate <u>federal</u> law. Petitioner has also attached several records he says support his argument that no dead time should have applied to his sentence: showing no dead time on May 28, 1996 (*id.* at 11); five years, eight months, and five days of dead time on December 16, 2010 (*id.* at 12); and six years, six months, and two days of dead time on May 19, 2016 (*id.* at 13). (*Id.* at 5). Leaving aside that this is new evidence not presented to the magistrate judge in support of the petition, this evidence simply confirms that dead time <u>was</u> <u>applied</u> to Petitioner's sentence as he accrued it. Finally, Petitioner points to instances in which the Alabama Court of Criminal Appeals has found dead time was incorrectly applied to a prisoner's sentence. (*Id.* at 5-6). The cases Petitioner cites show a state court correcting the state's application of its own law, which is not the function of a federal court reviewing a federal habeas petition. *See McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir.1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") (citation omitted).

  Petitioner's lone challenge to the report and recommendation itself is that the magistrate judge incorrectly applied *Birdsell v. State of Ala.*, 834 F.2d 920 (11th Cir. 1987). As he did in his traverse (*see* doc. 25 at 2-3), Petitioner states that he is in the same position as the petitioner in *Birdsell*, and that the magistrate judge has "totally disregarded" the meaning of that case. (Doc. 32 at 3). The magistrate judge discussed *Birdsell*, noting that the holding of the case relates only to the

"in custody" requirement of 28 U.S.C. § 2254, which is not at issue in this petition. (Doc. 31 at 13). Petitioner challenges this finding on the basis that he had completely served his previous sentence and was not "in custody" pursuant to 28 U.S.C. § 2254(a); thus, he says, "this Federal court must properly dismiss the petition for lack of jurisdiction." (Doc. 32 at 4). Petitioner then states that his sentence expired on May 19, 2009, and that he could not be incarcerated beyond that date. (*Id.*).

Petitioner appears to confuse the "in custody" requirement of § 2254 with the ability of the State of Alabama to revoke his parole. They are qualitatively different. Section 2254 provides that habeas relief is only available to persons "in custody pursuant to a judgment of a State court...." 28 U.S.C. § 2254(a). This is a jurisdictional limitation on the power of the federal habeas court to grant relief. *Stacey v. Warden, Apalachee Correctional Institution,* 854 F.2d 401 (11th Cir. 1988); *Duvallon v. Florida*, 691 F.2d 483 (11th Cir. 1982). In other words, the "in custody" requirement under § 2254 is about who can receive habeas relief from this Court, not about who the State of Alabama may exert custody over. Taking Petitioner's argument that he was not "in custody" pursuant § 2254 at face value would mean that this Court could not grant his petition at all and give him the relief he seeks, not that the State of Alabama could not have revoked his parole; therefore, *Birdsell* does not support Petitioner's claim. The magistrate judge's analysis of *Birdsell* was not erroneous.

The Court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the Court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this 28th day of February, 2018.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge